# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| JERRY DON WILLIAMS | § | |
| VS. | § | CIVIL ACTION NO. 1:11cv4 |
| KEITH F. GIBLIN, ET AL. | § | |

## MEMORANDUM OPINION

Plaintiff Jerry Don Williams, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings the above-styled action against Keith F. Giblin, United States Magistrate Judge.

## Discussion

Plaintiff complains Judge Giblin erred in his decision to deny plaintiff's motion to proceed *in forma pauperis*, and the judge is denying plaintiff access to justice in civil action number 1:10cv28, styled *Williams v. Collier*, in violation of various constitutional rights and laws.

Plaintiff has not submitted the filing fee for this action; thus, the court assumes he is requesting permission to proceed *in forma pauperis*.

## Analysis

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints. Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Petitioner brought this action as a petition seeking mandamus relief. The Fifth Circuit has held that the nature of the underlying action determines whether or not the Prison Litigation Reform Act (PLRA), including the three-strikes provision set forth above, is applicable. Where the underlying action sounds in the nature of habeas corpus, the Act is not applicable; however, where the underlying action sounds in the nature of a civil rights complaint, it is applicable. *In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998). Similarly, the Fifth Circuit has stated that the nature of the underlying action would determine whether the fee requirements of the PLRA apply in mandamus cases. *In re Jacobs*, 213 F.3d 289, 290 n.1 (5th Cir. 2000).

In this case, the underlying action consists of claims that plaintiff has been denied access to the courts and denied certain constitutional rights. Thus, plaintiff's claims are civil in nature, and the fee requirements of the PLRA apply in this case. At least four of plaintiff's prior suits or appeals have been dismissed as frivolous, malicious, or for failure to state a claim.[1] As a result, Section 1915(g) is applicable.

As set forth above, plaintiff has had at least four prior lawsuits or appeals dismissed as frivolous, malicious, and for failure to state a claim upon which relief may be granted. The allegations set forth in plaintiff's complaint do not demonstrate that he was in "imminent danger of serious physical injury." Section 1915(g) therefore bars plaintiff from proceeding with this lawsuit on an *in forma pauperis* basis.

---

[1] *See Williams v. Johnson*, 4:03cv3059 (S.D. Tex. Aug. 18, 2003) (dismissed as frivolous); *Williams v. Mosley*,1:04cv364 (E.D. Tex. July 28, 2004) (dismissed as frivolous and failure to state a claim); *Williams v. Johnson*, 4:07cv2231 (S.D. Tex. July 17, 2007) (dismissed as frivolous and malicious); and *Williams v. Mosley*, 1:07cv483 (E.D. Tex. June 23, 2008) (dismissed for failure to state a claim).

## Conclusion

For the reasons set forth above, plaintiff is barred from proceeding on an *in forma pauperis* basis. Accordingly, the above-styled action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). An appropriate final judgment shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this the **29** day of **July, 2011.**

_____
Thad Heartfield
United States District Judge